Lewis Jubran, Esq. (DC Bar no. 1028219)
Abusharar and Associates
501 N. Brookhurst St. #202
Anaheim, CA 92801
Tel: 714-535-5600
Fax: 714-535-5605
Email: associate@abushararlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

| | |
|---|---|
| Belal Al Khawndi<br><br>6901 East Chauncey Lane, Unit 3153<br>Phoenix, AZ  85054<br><br>Plaintiff,<br><br>vs.<br><br>**United States Department of Homeland Security; United States Citizenship and Immigration Services; Alejandro Mayorkas**, Secretary, Department of Homeland Security; **Ur M. Jaddou**, Director, U.S. Citizenship and Immigration Services; **Ted H. Kim,** Associate Director of Refugee, Asylum, and International Operations; **Los Angeles Asylum Office; David Radel**, Director of the Los Angeles Asylum Office;  **Matthew D. Emrich,** Associate Director of USCIS Fraud Detection and National Security Directorate;<br><br>Office of General Counsel<br>US Department of Homeland Security 2707 Martin Luther King Jr. Ave., SE<br>Washington DC   20528-0485<br><br>**Christopher A. Wray,** Director of Federal Bureau of Investigations, Attorney General<br><br>US Department of Justice<br>950 Pennsylvania Ave, NW | Case No.:<br><br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 1

Washington DC   20530-0001

          Defendants.

## **INTRODUCTION**

1.   This action is brought by Plaintiff Belal Al Khawndi, by and through his attorney, to request issuance of a writ of mandamus or in the nature of mandamus and/or to compel under the Administrative Procedure Act ("APA") ordering Defendants and those acting under them to process an Application for Asylum and for Withholding of Removal which was received and pending as of December 5, 2014, and which has still has not been called for an interview.

2.   On December 5, 2014, Plaintiff Belal Al Khawndi filed an I-589 Application for Asylum and for Withholding of Removal with Defendant United States Citizenship and Immigration Services.  (**Exhibit A- Acknowledgment of Receipt for I589 Application for Asylum and Withholding of Removal**).   Plaintiff's application was assigned for processing and adjudication to the Defendant Los Angeles Asylum Office.   The basis of his asylum application is that he fears persecution in Syria on account of the fact that he would be seized and placed into the Syrian military where he would be required to take part in atrocities against civilians and non-combatants.

3.   Since he submitted his I-589 Application for Asylum and Withholding of Removal, Plaintiff Belal Al Khawndi has received no information whatsoever from Defendant Los Angeles Asylum Office about when his case would be called for an interview or how much longer he would have to wait to receive an appointment to be interviewed.   He therefore has no way of

knowing how much longer he must still wait to have a chance to testify in support of his Asylum application.

4.  Defendants have violated the Administrative Procedures Act ("APA") by failing to adjudicate Plaintiffs' asylum application which has been pending now for over six years. Plaintiffs seek to compel Defendants, through a writ of mandamus, to schedule an interview for the pending I-589 Application for Asylum and Withholding of Removal.

## PARTIES

5.  Plaintiff BELAL AL KHAWNDI is a citizen of Syria.   Plaintiff filed his I-589 Application for Asylum and Withholding of Removal on December 5, 2014.

6.  Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (hereinafter "DHS") is an agency of the United States government involved in the acts challenged, employs the officers named as defendants, and includes the U.S. Citizenship and Immigration Services and the officers named as defendants in this complaint.

7.  Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (hereinafter "USCIS") is an agency of the United States government under the DHS, overseeing the officers named as defendants in this Complaint.

8.  Defendant ALEJANDRO MAYORKAS (hereinafter "Secretary Mayorkas") is the Secretary of the Department of Homeland Security.  This suit is brought against Secretary Mayorkas in his official capacity, as he is charged with the administration and enforcement of all immigration and citizenship laws that are bound in the powers, duties, and functions of the Department of Homeland Security.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 3

9.   Defendant UR M. JADDOU (hereinafter "Director Jaddou") is the Director of USCIS, the Agency charged with adjudicating Plaintiff's asylum application.  This suit is brought against Director Jaddou in her official capacity, as she is charged with oversight, administration, and execution of immigration laws of the United States.

10. Defendant TED H. KIM (hereinafter "Acting Associate Director Kim") is the Acting Associate Director of Refugee, Asylum, and International Operations.  This suit is brought against Acting Associate Director Kim in his official capacity, as he is charged with supervision over all asylum offices, and requires some applications to be forwarded to headquarters before final adjudication, and may, upon information and belief, have ordered that Plaintiff's case be forwarded to his office for its review.

11. Defendant HOUSTON ASYLUM OFFICE (hereinafter "Houston Asylum Office") is an office within USCIS and the federal agency with direct authority and responsibility to adjudicate Plaintiff's asylum application.

12. Defendant IRVIN GADSON (hereinafter "Acting Director Gadson") is the director of the Houston Asylum office.  This suit is brought against Director Gadson in his official capacity, as he is charged overseeing the adjudication of the asylum applications at the Houston Asylum Office in a timely manner, and ensuring the efficiency of the officers employed.

13.  Defendant MATTHEW D. EMRICH (hereinafter "Associate Director Emrich") is the Associate Director of USCIS Fraud Detection and National Security Directorate.  This suit is brought against Associate Director Emrich in his official capacity, as he supervises all USCIS staff who review asylum applications to ensure that immigration benefits are not granted to

individuals who pose a threat to national security or public safety, or who seek to defraud the immigration system. Certain applications must be reviewed by the Fraud Detection and National Security Directorate before their final adjudication. Upon information and belief, USCIS has not processed Plaintiffs' asylum application because the Fraud Detection and National Security Directorate has never completed its review.

14. Defendant CHRISTOPHER A. WRAY (hereinafter "Director Wray") is the Director of the Federal Bureau of Investigations. This suit is brought against Director Wray in his official capacity, as he is responsible for overseeing the background checks involved with immigration matters.

## **JURISDICTION**

15. The Administrative Procedure Act recognizes a right of judicial review for any person "suffering legal wrong because of an agency action or aggrieved or adversely affected by such action within the meaning of any relevant statutes." 5 U.S.C. § 702. Plaintiffs suffered a legal wrong and continue to suffer because of the Defendants' failure to act upon the pending Asylum application for indefinite periods of time.

16. This Court has jurisdiction over the present action pursuant to 8 C.F.R. § 204, Immigration & Nationality Act §203 (b)(1)(C); 28 U.S.C. § 1131; 28 U.S.C. §1361, the Mandamus Act; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701-706, the Administrative Procedures Act. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. §504 and 28 U.S.C. §2412(d), et seq. Relief is requested pursuant to said statutes.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 5

17. The APA also provides pursuant to 5 U.S.C. § 706(1) that courts "shall compel agency action unlawfully withheld." Courts have held that this provision eliminates court discretion to grant relief once an agency has violated a statutory deadline. *See Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1178 (9th Cir. 2002) (noting that when "Congress has specifically provided a deadline for performance, … no balancing of factors is required or permitted."

18.   The presumption favoring judicial review is well-settled and it has been applied in the context of immigration law. See *Kucana v Holder*, 558 U.S. 233, 251 (2010).   In *Kucana* at 252, the Supreme Court noted that it is assumed that Congress legislates with knowledge of this presumption.   Such presumption can only be overcome when "the congressional intent to preclude judicial review is fairly discernable in the statutory scheme". *Block v Cmty. Nutrition Inst.*, 467 U.S. 340, 351, 104 S. Ct. 2450, 81 L.Ed. 2d 270 (1984).

19. The authority of an alien to apply for asylum is found at 11 U.S.C. §1158(a) which states that:   "An alien who is physically present in the United States or who arrives in the
         United States (whether of not at a designated port of arrival and including an
         alien who is brought to the United States after having been interdicted in
         international or United States waters) irrespective of such alien's status, may
         apply for asylum in accordance with this section, or where applicable,
         section 1225(b) of this title"

11 U.S.C. §1158(a) does not contain any language barring a private right of action under the APA.   Plaintiffs contend that this Court may properly review their claims for relief herein because the limitation on a private right of action applies only to 11 U.S.C. §1158(d), and in this case, their right to have their claim for asylum timely scheduled is premised upon 11 U.S.C. §1158(a), not 11 U.S.C. §1158(d).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 6

20. Courts have found that claimants whose applications have been unreasonably delayed may be afforded relief under the Administrative Procedure Act's requirements that agencies must adjudicate within a reasonable period of time.   See *Dae Hyun Kim v Ashcroft*, 340 F.2d Supp. 384, 393 (S.D.N.Y 2004) "Moreover, although there is no statutory or regulatory deadline by which USCIS must adjudicate an application, at some point, Defendants failure to take any action runs afoul of Section 555(b) [APA]; *Villa v DHS*, 607 F. Supp. 2d 359, 35 (N.D.N.Y. 2009) finding that pursuant to 5 U.S.C. §555 (b) of the APA, USCIS must adjudicate applications within a reasonable period of time.   Because the APA provides an independent basis for federal jurisdiction from 8 U.S.C. §1158(d)(7), this Court has jurisdiction to hear the subject Complaint.

## VENUE

21. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(e) which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his or her official capacity, or under the color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which the defendant in the action resides.   Because the Defendants are in the District of Columbia, including the United States Department of Homeland Security and its employees, venue is proper in this Court.

22. The delay in adjudicating Plaintiff Belal Al Khawndi's pending asylum case has caused him significant emotional distress because there is no way of knowing when the asylum case will receive an interview and then adjudicated thereby leaving him in doubt for his future.   At the time that Plaintiff Belal Al Khawndi filed his Application, USCIS was utilizing a system of interview scheduling known as "First In – First Out" (FIFO) whereby cases were called for

interview in the order that they were received.  That system had the practical effect of promoting

a voluminous backlog of unadjudicated cases, because, many people filed non-viable cases for

the purpose of obtaining work authorization permits, relying on the fact that USCIS would take

years to call their case for an interview and adjudicate their case(s).

23. Beginning on January 29, 2018, as a result of executive policy changes at Department of

Homeland Security and USCIS headquarters in Washington DC, all field offices that were

adjudicating cases were instructed to change their FIFO scheduling to "Last In-First Out"

(LIFO) whereby the most recently filed Applications would be scheduled first, ahead of

applications that had already been pending.   The change-over from FIFO to LIFO caused many

thousands of pending applications, including Plaintiffs', to be relegated to the last category of

USCIS' scheduling priority.   This executive action occurred at a time when the United States

Citizenship and Immigration Services was located within this Court's geographical jurisdiction.

**24.**    Because the core issue in this case is the act of Defendants changing their scheduling

system and the harm that it has directly caused Plaintiffs, which policy change did occur in this

judicial district, there is a substantial nexus to this judicial district and this Court should proceed

forward to hear the Plaintiffs claim as their chosen venue is legally and factually correct.

## EXHAUSTION OF REMEDIES

**25.** Plaintiff has no administrative remedies.  Plaintiff Belal Al Khawndi has attempted to

learn when the required interview for his pending asylum application would be scheduled but he

has not been able to obtain any substantive information from the Defendants.   There are no

administrative remedies for neglect of duty.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF
IMMIGRATION MANDAMUS - 8

## CAUSE OF ACTION

26. Pursuant to 8 U.S.C. §1158, Plaintiff Belal Al Khawndi filed an I-589 Application for Asylum and Withholding of Removal with Defendant United States Citizenship and Immigration Services on December 5, 2014.  (**Exhibit A – Acknowledgement of Receipt for I-589 Application for Asylum and Withholding of Removal**).

27.  Since Plaintiff Belal Al Khawndi filed his I-589 Application for Asylum and Withholding of Removal, he has received no further communications or information from any Defendants about how much longer he would have to wait to have his pending case scheduled for an interview, rather, there has been a complete lack of communication from Defendants. Plaintiff therefore has no way of knowing how much longer the scheduling process will take.

28. Under 28 U.S.C. § 1361, the district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

29. Under the Administrative Procedures Act, a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

30.  Defendants have a statutory duty to adjudicate asylum requests within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).  It has been over six years since Plaintiff Belal Al Khawindi applied for Asylum and his case has still not been called for an interview.

31.  Plaintiffs have no adequate remedy at law, and will continue to suffer irreparable harm if the asylum application is not promptly scheduled for an interview.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 9

27. Pursuant to 28 U.S.C. § 1361, this Court has "original jurisdiction in the nature of the mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [Plaintiffs.]"

28. Pursuant to 28 U.S.C. § 1651, this Court may issue any and all "writs necessary or appropriate in aid of [the Court's] respective jurisdiction [ ] and agreeable to the usages and principles of law."

## **CLAIM FOR RELIEF**

29. Plaintiff's claim in this action is clear and certain. Plaintiff realleges paragraphs 1 through 28, and, as if fully set forth, Plaintiff is entitled to an order in the nature of mandamus to compel Defendants to complete administrative processing and adjudicate the pending Asylum application.

30. As a result of Defendants' failure to perform their duties, Plaintiffs has suffered, is suffering, and will continue to suffer irreparable harm. Specifically:

a. Plaintiff has been irreparably damaged from the fear of not knowing what will happen with the asylum case for the past six years. He has been constantly hoping for the case to be finally scheduled for an interview so that he would not have to worry about his future. Because of the long wait and unknowing, Plaintiff is enduring significant psychological damage.

b. The delay is causing irreparable harm to Plaintiff who is not able to continue with his life in the United States without fear of returning to Syria, a country where he will more likely than not be persecuted, tortured, or killed.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS - 10

31. The Defendants, in violation of the Administrative Procedures Act, are unlawfully withholding or unreasonably delaying action on Plaintiff Belal Al Khawndi's asylum application, and have failed to carry out the non-discretionary adjudicative functions delegated to them by law with regard to his case.

32. The Defendants, in violation of the Administrative Procedures Act and 22 C.F.R. 42.81(a), are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the non-discretionary adjudicative functions delegated to them by law with regard to his case.

33. The duty of the Defendants is non-discretionary, ministerial, and so plainly described as to be free from doubt that mandamus is appropriate.

34. Plaintiff Belal Al Khawndi has attempted to learn about the status of his pending Asylum and Withholding of Removal application, all to no avail.  Only Defendant Los Angeles Asylum Office is able to make decisions on scheduling an asylum interview, leaving no adequate remedy. Accordingly, Plaintiffs have been forced to pursue the instant action.

## **PRAYER**

35. WHEREFORE, in view of the arguments and authorities noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court:

    a.   Accept jurisdiction and maintain continuing jurisdiction of this action;

    b.   Declare as unlawful the violation by Defendants of failing to act on a properly filed Asylum and Withholding of Removal application;

c.  Declare Defendants' failure to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case as agency action unlawfully withheld and unreasonably delayed, pursuant to 5 U.S.C. § 706(1);

d.  Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling the Defendants to take action on Plaintiff Belal Al Khawndi's application by promptly scheduling his case for an interview;

e.  Issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling the Defendants to take action on Plaintiff Belal Al Khawndi's Asylum and Withholding of Removal application by promptly scheduling his case for an interview;

f.  Grant attorney's fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412;

g.  Grant such other relief at law and in equity as justice may require.

Dated this January 12, 2023                Respectfully Submitted,

/s/ Lewis Jubran

Lewis Jubran, Esq.
Counsel for Plaintiffs

1
2
3
4
5

**LIST OF EXHIBITS TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE**

**RELIEF AND FOR A WRIT IN THE NATURE OF IMMIGRATION MANDAMUS**

**AL KHAWNDI v UNITED STATES DEPARTMENT OF HOMELAND SECURITY**

6
7

| Exhibit | Description | Pages |
|---------|-------------|-------|
| A | Acknowledgement of Receipt for I-589 Application for Asylum and Withholding of Removal | 1 |

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR A WRIT IN THE NATURE OF
IMMIGRATION MANDAMUS - 13

**EXHIBIT A**